IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2113-FL

| | | |
|---|---|---|
| LEWIS MOSES BYRD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNA M. SMITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitioners this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss. The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court denies the motion without prejudice to renew.

## BACKGROUND

The relevant factual background is not disputed. On January 7, 2004, petitioner pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (count one), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count two). United States v. Byrd, No. 3:03-CR-67 (W.D.N.C. Jan. 7, 2004). In his plea agreement, petitioner stipulated that the mandatory minimum term of imprisonment on count one would be enhanced to 10 years' imprisonment. Byrd v. United States, No. 3:03-CR-67, 2011 WL 862230, at *1 (W.D.N.C. Mar. 10, 2011). The enhanced penalty was based on petitioner's prior North Carolina conviction for possession with intent to sell and deliver cocaine. Id. at *1, 11; see also 21 U.S.C. §§ 841(b)(1)(B), 851 (2006).

On January 24, 2006, the United States District Court for the Western District of North Carolina ("sentencing court") sentenced petitioner to 262 months' imprisonment on count one and 120 months' imprisonment' on count two, to run consecutively, producing an aggregate term of 382 months' imprisonment. United States v. Byrd, No. 3:03-CR-67 (W.D.N.C. Jan. 24, 2006). Based on petitioner's stipulation that he had previously been convicted of a qualifying felony drug offense, the sentencing court determined petitioner's enhanced statutory sentencing range was 10 years to life imprisonment.[1] See 21 U.S.C. § 841(b)(1)(B) (2006). The sentencing court also sentenced petitioner as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines. United States v. Byrd, 437 F. App'x 275 (4th Cir. 2011). The Fourth Circuit affirmed petitioner's conviction and sentence. Id.

On June 5, 2008, petitioner filed motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. United States v. Byrd, No. 3:03-CR-67 (W.D.N.C. June 5, 2008). The sentencing court denied the motion on March 10, 2011, and the Fourth Circuit dismissed the appeal. Byrd, 2011 WL 862230, at *14; Byrd, 437 F. App'x at 275. The sentencing court also dismissed petitioner's two subsequent motions to vacate as unauthorized successive motions. United States v. Byrd, No. 3:03-CR-67 (W.D.N.C. June 25, 2014 & July 8, 2014). Petitioner also voluntarily dismissed his most recent motion to vacate. Id. (June 28, 2016).

On May 1, 2018, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues his sentence is illegal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and he seeks a writ of habeas corpus vacating the sentence.

---

[1] Without the enhancement, the statutory range would have been 5 to 40 years' imprisonment. 21 U.S.C. § 841(b)(1)(B) (2006).

Respondent filed the instant motion to dismiss the petition, pursuant to Federal Rule Civil Procedure 12(b)(1), on June 26, 2019.

## DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.  Analysis

Petitioner is attacking the legality, rather than the execution of, his sentence. The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Section 2255 is inadequate and ineffective to the test the legality of a sentence when:

> 1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). If petitioner cannot satisfy the foregoing requirements, the court lacks jurisdiction to consider the petition. Id. at 426; see also Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340 (11th Cir. 2013).

As noted above, petitioner argues that his sentence is illegal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Specifically, petitioner contends that Simmons establishes his statutory sentencing range was improperly enhanced under 21 U.S.C. § 841(b)(1)(B). Petitioner also argues he should not have been designated a career offender under Simmons.

Respondent does not address the merits of petitioner's Simmons claims, but argues the errors, even if they occurred, do not rise to the level of a fundamental defect under the fourth prong of the Wheeler test. As to the career offender claim, respondent is correct: an erroneous career

4

offender designation, imposed under the advisory Guidelines, in not a fundamental defect cognizable on habeas review. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018); United States v. Foote, 784 F.3d 931, 937 (4th Cir. 2015).

Petitioner, however, also argues that he was sentenced under an erroneous statutory sentencing range. Under the version of 21 U.S.C. § 841(b)(1)(B) (2006) applicable to petitioner, possession with intent to distribute between 5 and 50 grams of cocaine base typically produced a sentencing range of 5 to 40 years' imprisonment.[2] However, if the defendant committed the offense after "a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(B) (2006). The term "felony drug offense" means "an offense that is punishable by imprisonment for more than one year . . . relating to narcotic drugs [and other identified substances]." Id. § 802(44) (2006).

The sentencing court applied § 841(b)(1)(B)'s enhanced 10 year to life statutory range based on petitioner's 2002 North Carolina conviction for possession with intent to sell and deliver cocaine. Byrd, 2011 WL 862230, at *1; see also Byrd, 208 F. App'x at 218 n.3. According to petitioner, under Simmons this conviction is not punishable by a term of imprisonment exceeding one year, and thus the sentencing court used an erroneous mandatory minimum when sentencing him.

Respondent argues that even assuming a Simmons error occurred with respect to petitioner's statutory sentencing range, the error does not constitute a fundamental defect under the fourth prong of the Wheeler test because petitioner's sentence on count one fell within the non-

---

[2] The statute has since been amended to require at least 28 grams of cocaine base for the 5 to 40-year sentencing range. See 21 U.S.C. § 841(b)(1)(B) (2012).

enhanced term of 5 to 40 years' imprisonment. But Wheeler itself refutes this argument, holding that an erroneous mandatory minimum "presents an error sufficiently grave to be deemed a fundamental defect." 886 F.3d at 433; see also id. at 431-32 (rejecting the government's position that because the petitioner could receive the same sentence on remand, an erroneous mandatory minimum is not a fundamental defect).

Accordingly, the court denies respondent's motion to dismiss. However, because respondent has not addressed the remaining Wheeler factors, and the court must ensure it has jurisdiction to entertain the petition, the motion is denied without prejudice to file renewed motion to dismiss or motion for summary judgment. Any renewed motion should address the respondent's position on the remaining Wheeler factors, including whether a Simmons error affecting petitioner's statutory sentencing range occurred in this case.

**CONCLUSION**

Based on the foregoing, the court DENIES WITHOUT PREJUDICE respondent's motion to dismiss, (DE 21). Respondent's renewed motion to dismiss or motion for summary judgment shall be filed within **28 days** of entry of this order. In the event respondent consents to habeas corpus relief, respondent shall file response to this order within **28 days** addressing the appropriate remedy. Petitioner may file response to respondent's motion or response within **21 days** of receiving the applicable filing. Respondent may file reply within **14 days** of petitioner's response.

SO ORDERED, this the 26th day of February, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge